UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMLA RENCHER,<br><br>        Plaintiff,<br><br>        v.<br><br>RECONTRUST CO., N.A.; THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-10; BAC HOME LOANS SERVICING LP, MERS, INC.; and DOES 1-50 inclusive,<br><br>        Defendants. | Case No. 4:15-cv-00130-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court is the Defendants' Motion to Dismiss (Dkt. 10). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Rencher filed this lawsuit on April 16, 2015. (Dkt. 1). On August 20, 2015, U.S. Magistrate Ronald E. Bush issued a notice of dismissal letter for failure to serve the summons and complaint. (Dkt. 3). On August 29, 2015, Rencher filed a motion for extension of time to amend the complaint and to serve it. (Dkt 4). In the motion, Rencher's counsel stated he needed the additional time "to review the Complaint and amend it as necessary to reflect this Court's rulings in recent similar cases." (*Id*.). Judge

**MEMORANDUM DECISION AND ORDER - 1**

Bush ruled that Rencher had not shown good cause or provided enough detail to support extending the time to serve the complaint. (Dkt. 5). The Court, however, permitted Rencher an additional opportunity to demonstrate good cause: "Plaintiff's counsel has until September 16, 2015, to file with the Court a declaration or affidavit, in accordance with the Federal Rules and the Court's local rules, specifying the recent rulings that counsel needs to review, and providing a more detailed explanation as to why that particular justification prevented Plaintiff from effecting timely service." (*Id.*).

On September 16, 2015, Rencher's counsel filed an affidavit stating that service had been effected on three of the defendants and that a fourth summons would be served after a clerical error was corrected. (Dkts. 6, 7). Rencher's counsel, Troy Rasmussen, apparently assumed that an extension of time had been granted, when in fact, the record could not have been clearer that it had not. Rencher never provided the information requested by the Court. The 120-day period for service of the summons and complaint had expired under Fed. R. Civ. P. 4(m) when the Court provided its first notice on August 20, 2015. Rencher was never granted an extension, nor did she show good cause why an extension should be granted. As such, the case was transferred to this Court to consider dismissal.

Thereafter, however, Defendants filed their motion to dismiss, thereby entering a general appearance. *See Jackson v. Daniels*, 682 F.2d 1344, 1347 (9th Cir. 1982) (A responsive pleading, such as a motion to dismiss, constitutes a voluntary general appearance, because its filing demonstrates "a clear purpose to defend the suit.") Maintaining her pattern of complete disregard for court-imposed deadlines, Rencher

**MEMORANDUM DECISION AND ORDER - 2**

failed to respond to the Defendants'[1] motion to dismiss (Dkt. 10). The following factual background is taken directly from the Defendants' opening brief in support of their motion to dismiss. *See* Dkt. 10-1.

On or about June 15, 2007, Rencher executed an Adjustable Rate Note and Deed of Trust reflecting a debt in the principal balance of $286,400 secured by real property located at 9983 South Yellowstone Highway, Idaho Falls, ID (the "Property"). Compl. ¶¶ 11-12; Exhs. A & B. The original lender was identified as Countrywide Home Loans, Inc. dba America's Wholesale Lender ("CHL") and MERS was named the nominee for lender and lender's successors and assigns. Exh. B. On or about October 23, 2009, MERS executed a Corporation Assignment of Deed of Trust transferring its interest in the Deed of Trust to BNYM. Compl. ¶ 15, Exh. C. On or about October 23, 2009, BNYM executed an Appointment of Successor Trustee, appointing ReconTrust as trustee. *Id*. ¶ 28, Exh. D.

On or about October 27, 2009, ReconTrust recorded a Notice of Default indicating that Rencher was in default under her obligations pursuant to the terms of the loan. Compl. ¶ 29, Exh. E. On or about November 2, 2009, ReconTrust issued a Notice of Trustee's Sale, indicating that the Property would be sold on March 15, 2010. *Id*. ¶ 30, Exh. F. On or about April 15, 2010, ReconTrust issued a Trustee's Deed in favor of BNYM stating that BNYM purchased the Property at the trustee's sale. *Id*. ¶ 31, Exh. G.

---

[1] Defendants include Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), The Bank of New York Mellon, fka The Bank of New York, as Trustee for the Certificate holders, CWABS, Inc., Asset-Backed Certificates, Series 2007-10 ("BNYM"), and Mortgage Electronic Registration Systems, Inc. (erroneously sued as MERS, Inc.) ("MERS") (collectively, "Defendants").

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir.1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary

**MEMORANDUM DECISION AND ORDER - 4**

judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866

(9th Cir.2004). The Court may also examine documents referred to in the complaint,

although not attached thereto, without transforming the motion to dismiss into a motion

for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005).

## ANALYSIS

In her Complaint, Plaintiff puts forth ten causes of action: (1) quiet title; (2)

declaratory relief; (3) preliminary and permanent injunction; (4) cancellation of a written

instrument; (5) "violation of I.C. §§ 45-100 et seq."; (6) unjust enrichment; (7)–(9)

clouding of title; and (10) violation of the Fair Debt Collection Practices Act (FDCPA).

(Dkt. 1.)

### 1. Quiet Title

While Plaintiff asks this Court to quiet title in her favor, she has not alleged an

ability or willingness to tender the balance due on the loan. This omission is fatal to her

quiet title claim. *Hobson v. Wells Fargo Bank, N.A.,* Case No. 1:11–cv–00196–BLW,

2012 WL 505917, \*3 (D.Idaho February 15, 2012) (*quoting Trusty v. Ray*, 73 Idaho 232,

249 P.2d 814, 817 (Idaho 1952)). "A mortgagor cannot without paying his debt quiet title

as against the mortgagee." *Trusty*, 249 P.2d at 817 (internal quotation marks and citation

omitted).

### 2. Cancellation of a Written Instrument

Plaintiff requests that the Note and Deed of Trust be cancelled due to alleged

fraudulent activity by Defendants. Compl. ¶ 60. Cancellation of a written instrument is an

equitable remedy, only appropriate where "some special" circumstance exists. *Cnty. of*

*Ada v. Bullen Bridge Co.*, 5 Idaho 79, 47 P. 818, 825 (1896). Plaintiff has alleged no such circumstance. Also problematic is that the allegedly fraudulent activity alleged by Plaintiff has no basis in law or in fact.

For example, Plaintiff argues that the securitization of her loan somehow invalidates all of the recorded documents and absolves her of her loan obligations. However, "[t]his is not a new battlefield. Several courts have rejected various theories that securitization of a loan somehow diminishes the underlying power of sale that can be exercised upon a trustor's breach." *Washburn v. Bank of America, N.A.*, Case No. 1:11–cv–00193–EJL–CWD, 2011 WL 7053617, *4–5 (D. Idaho October 21, 2011) (internal quotation marks omitted) (citing cases). Plaintiff also suggests that Defendants need to prove ownership of the loan in order to foreclose. Case law indicates otherwise. The Idaho Supreme Court has held that "a trustee may initiate non-judicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note . . . ." *Trotter v. New York Mellon*, 152 Idaho 842, 275 P.3d 857, 862 (Idaho 2012). Finally, Plaintiff takes issue with MERS's ability to assign the Deed of Trust. Unfortunately for Plaintiff, the Idaho Supreme Court has held that MERS has the authority to assign a deed of trust, and record that assignment, even though it lacked an interest in the underlying note. *Edwards v. MERS*, 154 Idaho 511, 300 P.3d 43 (2013).

In sum, Rencher has failed to put forth any factual or legal support that would allow this claim to continue.

### 3. Wrongful Foreclosure Pursuant to I.C. §§ 45-1504

MEMORANDUM DECISION AND ORDER - 6

Plaintiff's wrongful foreclosure claim also fails as a matter of law. Idaho Code §
45-1504 specifies who may act as trustee of a trust deed and allows the appointment of a
successor trustee to be operative upon recording of the document. Idaho Code § 45-
1505(1) allows a trustee to foreclose a trust deed by advertisement and sale if the trust
deed, any assignment of the trust deed, and any appointment of successor trustee are
recorded. Here, according to the uncontroverted facts put forth by the Defendants and the
Rencher's own exhibits filed in conjunction with her Complaint, all necessary documents
were recorded.

The Deed of Trust was recorded on June 20, 2007. Compl., Exh. B. MERS as trust
deed beneficiary, assigned its interest under the Deed of Trust to BNYM, which was
memorialized in the Corporation Assignment of Deed of Trust that was recorded on
October 27, 2009. *Id*., Exh. C. BNYM's appointment of ReconTrust as successor trustee
was recorded on October 27, 2009. *Id*., Exh. D. The Notice of Default was also recorded
on October 27, 2009. *Id*., Exh. E. All of these transfers took place before the scheduled
date of the foreclosure sale and are recorded in the Bonneville County Recorder's Office.

### 4.  Unjust Enrichment

Rencher's unjust enrichment claim fails as a matter of law because the only
alleged benefit that she conferred upon the Defendants were payments made pursuant to
her contractual obligation to repay the loan. It is certainly not inequitable for a defendant
to retain a bargained-for benefit under the terms of a contract. *See Vanderford Co., Inc. v.
Knudson*, 144 Idaho 547, 558, 165 P.2d 261, 272 (2007) ("A prima facie case of unjust
enrichment requires proof of three elements: (a) plaintiff confers a benefit upon the

MEMORANDUM DECISION AND ORDER - 7

defendant; (b) defendant appreciates the benefit; and (c) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof.")

### 5.  Clouding of Title Claims

Rencher's seventh, eighth and ninth causes of action for clouding of title all relate to the purported deficiencies within the Corporation Assignment Deed of Trust. Compl. ¶¶ 67-83. Rencher's seventh cause of action claims that because MERS lack the ability to transfer the Note, recording the Assignment without transferring the rights to the Note causes the Deed of Trust to be null. *Id.* ¶ 73. Rencher's eighth cause of action alleges that BNYM, as servicer of a consumer obligation, somehow violated the Consumer Credit Protection Act which invalidates the Assignment. *Id.* ¶¶ 78-80. Rencher's ninth cause of action alleges that the recording of the Corporation Assignment Deed of Trust nullified the Deed of Trust. *Id.* ¶¶ 82-83. Each allegation is as baseless and unsupported as the next. Rencher points to no legal authority for her claims—most likely because no such authority exists.

Once again, Rencher has failed to put forth any factual or legal support that would allow these claims to survive.

### 6.  FDCPA

Rencher's FDCPA claim fails because it is time-barred. A claim under the FDCPA must be brought within one year from the date on which the alleged violation occurs. 15 U.S.C. § 1692k(d). The last activity complained of in the Complaint occurred when the

Trustee's Deed was recorded on April 22, 2010, almost five years before the instant action was filed.

### 7.  Declaratory and Injunctive Relief

Claims two and three of the Complaint ask the Court to impose declaratory and injunctive relief. However, injunctive relief is a remedy, not an independent cause of action. It requires, in part, that the plaintiff demonstrate a likelihood of success on the merits of his or her substantive claims. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009); *Clear Channel Outdoor Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003). Rencher's claim for injunctive relief fails because, as discussed above, she has failed to demonstrate a likelihood of success on the merits as to any of her numerous substantive claims.

### 8.  Dismissal with Prejudice

A dismissal under a 12(b)(6) motion to dismiss is proper only if it is beyond doubt that the complaint cannot "be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.2005). Generally, leave to amend should be granted "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possible be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir.1990). In this case, any amendment would be futile and it is apparent that Complaint's deficiencies cannot be cured.

Finally, Mr. Rasmussen's repeated failure to abide by court-imposed deadlines—in this case and in others—has been duly noted by the Court. These deadlines are more

than mere suggestions. Moreover, this is the second case the Court has recently dealt with where Mr. Rasmussen has filed a Complaint alleging, generally, that a client's property was wrongfully foreclosed upon. *See Hansen v. U.S. Bank, et. al.*, 2015 WL 5190749 (Id. Dist. Ct. Sept. 4, 2009).  That complaint—like this one—had no basis in law or in fact and considerable resources were expended in resolving it. The Court admonishes Mr. Rasmussen that filing frivolous lawsuits alleging claims universally rejected in state and federal courts (1) does not serve the best interests of his clients; (2) may violate his ethical obligations under the Code of Professional Responsibility; and (3) wastes precious judicial resources in a federal court recently declared to be facing a judicial emergency.

**IT IS ORDERED:**

1.    Defendants' Motion to Dismiss (Dkt.10) is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

2.    A separate judgment will be issued in conjunction with this order.

DATED: November 12, 2015

B. Lynn Winmill
Chief Judge
United States District Court